NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-897

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 288260

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his final classification by the Sex Offender Registry Board (SORB) as a level three sex offender.  See G. L. c. 6, § 178K (2) (c).  Doe argues that the hearing examiner (examiner) (1) lacked substantial evidence to support Doe's level three classification and (2) failed to explain how she balanced risk-mitigating factors against risk-elevating factors in making the level three designation.  We affirm.

Background.  The examiner considered Doe's governing sex offenses, which included convictions for two counts of aggravated rape in violation of G. L. c. 265, § 22 (a), and one count of indecent assault and battery on a person age fourteen

or older in violation of G. L. c. 265, § 13H.  See G. L. c. 6, § 178C.  We summarize the facts found by the examiner, supplemented by undisputed facts from the record, reserving certain details for discussion.  Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 606 (2011) (Doe No. 10800).

On July 26, 2009, a seventeen year old girl (victim) was picked up from her home by her nineteen year old female friend and Doe.  After arriving at Doe's home, the victim, her friend, and Doe went to Doe's bedroom.  While the victim was seated on Doe's bed, Doe punched the victim in the back of the head, rendering her unconscious.  When the victim regained consciousness, Doe was naked on top of her and her pants and underwear had been removed.  Doe held the victim down by her arms and inserted his penis and fingers into the victim's vagina.  The victim repeatedly told Doe, "No" and sustained a scrape to her right hand and bruising on her legs in her attempt to fight off Doe.

On July 28, 2020, SORB recommended that Doe be classified as a level three sex offender.  After a de novo hearing in which Doe challenged the recommendation, the examiner issued a decision on July 1, 2022, classifying Doe as a level three sex offender and concluding that he presented a high risk to reoffend and a high degree of dangerousness such that a public

2

safety interest was served by active dissemination and Internet access to his sex offender registry information. On May 29, 2024, a judge of the Superior Court affirmed the examiner's decision. This appeal followed.

Discussion. In reviewing a classification determination, "[w]e reverse or modify the board's decision only if we determine that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law." Doe No. 10800, 459 Mass. at 633. "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006), citing G. L. c. 30A, § 1 (6).

Doe argues that the examiner failed to satisfy the substantial evidence requirement of a level three sex offender classification. Doe concedes that he "does not specifically challenge [the examiner's] application of any of the . . . factors." Instead, Doe argues that "the evidence points to an appreciable, if not overwhelming, probability of at worst a moderate level of risk of reoffense."

A level three classification is appropriate where, by clear and convincing evidence, "the board determines that the risk of reoffense is high and the degree of dangerousness posed to the public is such that a substantial public safety interest is

3

served by active dissemination." Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 754 (2021), quoting G. L. c. 6, § 178K (2) (c). Here, the examiner applied and weighed several regulatory factors that support findings of a high risk of reoffense and high degree of dangerousness.

In concluding that Doe poses a high risk of reoffense, the examiner considered Doe's rape of a seventeen year old stranger, giving this factor increased weight (factor 7); that Doe rendered the victim unconscious by a blow to the head and caused the victim to sustain a scrape and bruising in her attempt to fight off the assault (factor 8); Doe's history of alcohol and substance abuse issues (factor 9); each of Doe's seventeen instances of contact with the criminal justice system (factor 10); Doe's two acts of violence unrelated to sexual assault (factor 11); Doe's single probation violation, which she gave minimal weight (factor 13); and each of Doe's thirty disciplinary reports while incarcerated (factor 12).

The examiner additionally considered risk-mitigating factors. In considering factor 28 (supervision by probation or parole), the examiner determined that Doe's previous probation violation moderated the positive weight given to Doe's period of community supervision upon his release. In giving minimal weight to factor 32 (sex offender treatment), the examiner found

4

that Doe's refusal to continue with treatment after May 8, 2019, undermined the aggregated weight accorded to Doe's active participation in sex offense-specific treatment and his successful completion of a psychoeducational motivation and engagement class.  In giving minimal weight to factor 34 (stability in the community), the examiner considered materials submitted by Doe regarding his stability in the community, including his postrelease residential plans and several certificates of job training and completion of treatment-related programs, but found that these were undermined by Doe's current incarceration.

In concluding that Doe poses a high degree of dangerousness, the examiner considered, in addition to the aforementioned factors bearing on dangerousness, Doe's sexual assault of the victim while she was unconscious and extravulnerable (factor 18) and the high level of physical contact between Doe and the victim in the form of penile and digital penetration of the victim's vagina (factor 19).  In balancing the relevant factors, the examiner "[did] not find the mitigating factor of supervision by probation ([f]actor 28) to offset the applicable risk elevating factors."  From this, the examiner concluded that Doe poses a "high degree of dangerousness to adolescent girls."  Taken together, these risk-elevating and risk-mitigating factors provide substantial

5

evidence to support the examiner's findings that Doe poses a high risk of reoffense and a high degree of dangerousness.[1]

For the first time on appeal, Doe argues that the examiner's decision "failed to explain why balancing the applicable risk elevating and risk mitigating factors [led] to her conclusion that Doe has a high risk of reoffense and dangerousness."  In particular, Doe argues that the examiner's evaluation of Doe's risk of reoffense was "virtually nothing more than a listing of the regulatory factors."  This issue is waived as Doe failed to raise it in the Superior Court proceedings.  See Springfield v. Civil Serv. Comm'n, 469 Mass. 370, 382 (2014) ("Failure to raise an issue before an appointing authority, an administrative agency, and a reviewing court precludes a party from raising it on appeal").  However, even if this issue was not waived, we discern no error.

Our review of the examiner's decision indicates that the examiner thoroughly explained and contextualized her findings. As previously summarized, the examiner's evaluation of Doe's risk of reoffense and degree of dangerousness identified the applicable risk-elevating and risk-mitigating factors and

---

[1] Because Doe does not raise any specific argument in his brief that the public safety interest would not be served by Internet publication of his registry information, we do not address that issue.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

6

weighed their application using facts specific to Doe's case. Accordingly, we conclude that the examiner's decision demonstrates that Doe's classification was based on a nonmechanical, sound exercise of informed discretion. See Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 651 (2012).

Judgment affirmed.

By the Court (Walsh, Toone & Tan, JJ.[2]),

*Paul Little*

Clerk

Entered:  March 19, 2026.

---

[2] The panelists are listed in order of seniority.